# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 2, 2018

| | |
|---|---|
| * * * * * * * * * * * * | |
| FABRIZIO CIANNI, *Executor of the Estate* * | |
| *of* CARMELLA CIANNI,   * | UNPUBLISHED |
|                  * | |
| Petitioner,   * | No. 16-1052V |
|                  * | |
| v.              * | Special Master Gowen |
|                  * | |
| SECRETARY OF HEALTH   * | Petitioner's Motion for Dismissal; |
| AND HUMAN SERVICES,   * | Influenza ("Flu") Vaccination; |
|                  * | Death; Alternative Causes; |
| Respondent.   * | Pre-Existing Kidney Disease; |
|                  * | Pre-Existing Heart Disease. |
| * * * * * * * * * * * * | |

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Washington, DC, for petitioner.
Debra A. Begley, United States Department of Justice, Washington, DC for respondent.

## DECISION ON ENTITLEMENT[1]

On August 24, 2016, Fabrizio Cianni as executor of the estate of Carmela Cianni ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that Ms. Cianni suffered injuries and death as a result of an influenza ("flu") vaccination on November 10, 2015.

On March 30, 2018, petitioner filed a motion for a decision dismissing his claim. Petitioner's Motion ("Pet. Mot.") (ECF No. 42). Petitioner provided that an investigation of the facts and the science surrounding his case has demonstrated that he will be unable to prove that he is entitled to compensation in the Vaccine Program. Id. at 1. Under these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, respondent,

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

and the Vaccine Program.  Id.  Petitioner understands that a decision by the special master dismissing his claim will result in a judgment against him and will end all of his rights in the Vaccine Program.  Id.  Petitioner understands that he may apply for costs once his case is dismissed and judgment is entered against him.  Id.  Petitioner understands that respondent expressly reserves the right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of his claim and to oppose, if appropriate, his application for attorneys' fees and costs.  Id. at 1-2.  Respondent does not otherwise oppose the motion to dismiss petitioner's claim.  This matter is now ripe for review.

To receive compensation in the Program, petitioner must establish either (1) a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that a vaccine listed on the Table was the cause-in-fact of the vaccinee's injury.  See §§ 13(a)(1)(A) and 11(c)(1).  Under the Vaccine Act, the Program may not award compensation solely based on a petitioner's own claims.  Rather, a petitioner must support his claim with either medical records or the opinion of a competent physician.  § 13(a)(1).

In the present case, petitioner does not claim and the records does not uncover any evidence of a "Table Injury."  Thus, he is required to prove causation-in-fact with support from medical records or an expert opinion.

Petitioner filed a report supporting causation from two doctors with PhDs in biology.  They contend that mercury and other components of the flu vaccine can cause immune activation and immune dysregulation, which can promote kidney failure and heart failure.  Petitioner's Exhibit ("Pet. Ex.") 12 (ECF No. 24).  During the Rule 5 status conference on January 30, 2018, the undersigned noted that there were potential issues with the credibility of these doctors.  Additionally, their brief report (supported by only one piece of medical literature) did not sufficiently explain their proposed theory of causation.  Moreover, the doctors essentially ignored Ms. Cianni's significant prior history which included severe heart disease, kidney disease, and diabetes.  I noted that the doctors are likely not qualified to opine on that issue.  See Order (ECF No. 38).

Respondent and his three experts (a cardiologist, an immunologist, and a toxicologist) oppose petitioner's proposed theory of causation.  They also contend that it is more likely that Ms. Cianni's post-vaccination injuries and death were caused by her significant pre-existing heart and kidney conditions, rather than by the flu vaccination.  See Respondent's Report ("Resp. Rep't") (ECF No. 18); Resp. Exs. A-C (ECF Nos. 35-37).  At the Rule 5 status conference, I stated that respondent's expert reports were highly persuasive.  My preliminary view was that even if petitioner established a prima facie case (of which I have doubts), respondent would be able to demonstrate this more likely alternative cause.  I allowed petitioner the opportunity to file an additional report from the doctors discussed above, or someone else.  See Order (ECF No. 38).  Petitioner has not filed any further materials in support of his claim.  Instead, on March 30, 2018, petitioner filed the instant motion to dismiss his claim.  Thus, petitioner has concluded that he will not be able to prove a causal link between the flu vaccine and his condition.

Based on my review of the record, I agree that petitioner will be unable to prove that he is entitled to compensation in the Vaccine Program.  **Thus, this case is dismissed for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>**s/ Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.